IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                              Case Nos.:        5:03cr40/RH/GRJ
                                                  5:16cv132/RH/GRJ

KENNETH LESTER BAXLEY,

     Petitioner.

_____

## REPORT AND RECOMMENDATION

Petitioner Kenneth Lester Baxley has filed a Time Sensitive Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 contending that he is entitled to sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 21.) The Government has filed two responses to Mr. Baxley's motion arguing that he is not entitled to relief. (*See* ECF Nos. 25, 31.) Mr. Baxley has filed replies to the Government's responses. (*See* ECF Nos. 29, 33, 36.) After a careful review of the record and the arguments presented, the Court concludes that Mr. Baxley's motion should be denied.

Case Nos.: 5:03cr40/RH/GRJ; 5:16cv132/RH/GRJ

# BACKGROUND and ANALYSIS

In December of 2003, Mr. Baxley entered a plea of guilty to the offense of unlawful possession of eight firearms by a convicted felon in violation of 18 U.S.C. § 922(g) and § 924(e).   (ECF No. 12.)   The Court found Mr. Baxley to be an armed career criminal after adopting the findings of the Presentence Investigation Report which included among other convictions, prior state convictions for burglary (eight counts) and a conviction for resisting arrest with violence.   (*See* ECF No. 35, PSR ¶¶ 22, 39-41, 48.)   The Court also "noted that the defendant has a number of other convictions which would quality [as a crime of violence] as well."   (*Id.* at ¶ 13.)   Mr. Baxley did not file any objections to the PSR, and he did not appeal his conviction or sentence.

Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence.   18 U.S.C. § 924(e)(1).   The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another

Case Nos.: 5:03cr40/RH/GRJ; 5:16cv132/RH/GRJ

*[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*."    18 U.S.C. § 924(e)(2)(B)(i) and (ii).    An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.    The Court sentenced Mr. Baxley to a term of 189 months' imprisonment followed by five (5) years of supervised release.    (ECF No. 18.)    Absent the application of the ACCA enhancement, Mr. Baxley would have faced a maximum sentence of ten years imprisonment.    *See* 18 U.S.C. § 924(a)(2).

In *Johnson*, the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague.    *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.    The Government concedes that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), Mr. Baxley's convictions under the non-divisible Florida burglary statute are no longer proper ACCA predicates.    (ECF No. 31 at

1.)    However, the Government argues that Mr. Baxley's two Georgia

burglary convictions remain ACCA predicates, and when combined with his

conviction for resisting arrest with violence, do not entitle him to *Johnson*

relief.[1]

In a recent case the Eleventh Circuit Court of Appeals considered

whether a conviction under the same Georgia burglary statute under which

Mr. Baxley was convicted could serve as an ACCA predicate offense.[2]

*United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016).   In *Gundy*, the

Eleventh Circuit found that Georgia's burglary statute uses alternative

locational elements which effectively creates several different crimes; thus,

the statute is divisible.   The court stated, "[t]hat the Georgia prosecutor

must select and identify the locational element of the place burgled—

---

[1] Mr. Baxley does not dispute that his conviction for resisting arrest with violence
qualifies as a predicate offense under the ACCA.   (*See* ECF No. 21 at 3).
[2] Mr. Baxley was convicted under Ga. Code Ann. § 16-7-1(a) (version in effect from
1980 to 2012), which provides as follows:

> A person commits the offense of burglary when, without authority and with the
> intent to commit a felony or theft therein, he enters or remains within the dwelling
> house of another or any building, vehicle, railroad car, watercraft, or other such
> structure designed for use as a dwelling of another or enters or remains within
> any other building, railroad car, aircraft, or any room or any part thereof. . . .

*See* 2012 Ga. Laws 709; 1980 Ga. Laws 770.

Case Nos.: 5:03cr40/RH/GRJ; 5:16cv132/RH/GRJ

whether the place burgled was a dwelling, building, railroad car, vehicle, or

watercraft—is the hallmark of a divisible statute." *Id.* at 1167.   Therefore,

a modified categorical approach may be used to determine if a defendant's

prior burglary convictions qualify as violent felonies under the ACCA's

enumerated crimes clause.   The court reviewed Mr. Gundy's indictment

and found that he had been convicted of (1) unlawfully entering (2) two

dwellings and two business houses (3) with the intent to commit a crime

therein.   Because these elements substantially conformed to the generic

definition of burglary, they qualified as violent felonies under the

enumerated crimes clause.

Paragraph 45 of the Presentence Report in Mr. Baxley's case

describes his two burglary convictions in Seminole County, Georgia, as

follows:

> Records indicate that on January 10, 1994, and February 14, 1994,
> the defendant entered the dwellings of two different individuals in
> Donalsonville, Georgia.   In the January 10 incident, the defendant
> took a .12-guage Remington Wing Master shotgun and a Remington
> .12-guage 1100 shotgun, as well as several pieces of jewelry.   In the
> February 14 incident, records show that the defendant took a .20-
> guage Remington pump shotgun, a Browning 243 lever action rifle
> with scope, and a Yamaha classical guitar.

Case Nos.: 5:03cr40/RH/GRJ; 5:16cv132/RH/GRJ

(ECF No. 35, PSR ¶ 45.)    *See United States v. Ramirez-Flores*, 743 F.3d 816, 820 (11th Cir. 2014)(permitting a court to consider the undisputed facts contained in a presentence report when employing a modified categorical approach).    Therefore, Mr. Baxley made (1) an unlawful entry (2) into two dwellings (3) with the intent to commit a crime therein.    These elements substantially conform to the generic definition of burglary, and, like the convictions in *Gundy*, qualify as violent felonies under the ACCA's enumerated crimes clause.    Because Mr. Baxley has three requisite predicate convictions to support the application of the ACCA enhancement, he is not entitled to sentencing relief.

The court notes Mr. Baxley's argument that *Gundy* is not yet final because defendant filed a petition for rehearing en banc.    (ECF No. 36 at 1.)    He further argues that the majority's decision in *Gundy* was in error, in support thereof arguing that the rationale articulated in the *Gundy* dissent was the same argument he presented in his supplemental reply.    (ECF No. 36 at 2; ECF No. 33.)    The petition for rehearing has since been denied.    *See United States v. Gundy*, Case 14-12113 (11th Cir. Feb. 14, 2017).    Eleventh Circuit records reflect that a petition for a writ of certiorari

was filed on April 6, 2017.   However, unless and until *Gundy* is

overturned, the majority's opinion is binding upon this court, and Mr.

Baxley's disagreement with the court's decision does not entitle him to

relief.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides

that "[t]he district court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant," and if a certificate is

issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal

must still be filed, even if the court issues a certificate of appealability.

§ 2255 11(b).

After review of the record, the court finds no substantial showing of

the denial of a constitutional right.   § 2253(c)(2); Slack v. McDaniel, 529

U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation

omitted).   Therefore, it is also recommended that the court deny a

certificate of appealability in its final order.

Case Nos.: 5:03cr40/RH/GRJ; 5:16cv132/RH/GRJ

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    Petitioner Baxley's Time Sensitive Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 21) should be **DENIED.**

2.     A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 10th day of April, 2017.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A**

Case Nos.: 5:03cr40/RH/GRJ; 5:16cv132/RH/GRJ

copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 5:03cr40/RH/GRJ; 5:16cv132/RH/GRJ