# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 5:03cr40-RH/GRJ
                                    5:16cv132-RH/GRJ

KENNETH LESTER BAXLEY,

    Defendant.

_____/

## ORDER ALLOWING THE GOVERNMENT TO
## FILE *SHEPARD*-APPROVED DOCUMENTS

The issue is whether the defendant's Georgia battery convictions are violent felonies within the meaning of the armed career criminal statute, 18 U.S.C. § 924(e). This order gives the government an opportunity to present materials on this issue.

I

The defendant Kenneth Lester Baxley pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The maximum sentence for violating § 922(g)(1) is ordinarily 10 years in prison. *See id.* § 924(a)(2). But if the defendant is an armed career criminal—that is, if the defendant has three

previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another"—the *minimum* sentence is 15 years, and the maximum is life. *See id*. § 924(e).

Under the law of the circuit as in effect when Mr. Baxley was sentenced, he was an armed career criminal. The minimum mandatory sentence was 15 years. Mr. Baxley was sentenced to 189 months.

II

Mr. Baxley has filed a motion under 28 U.S.C. § 2255 for relief from the sentence based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which significantly narrowed the category of convictions qualifying as violent felonies. *Johnson* is retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). The § 2255 motion is before the court on the magistrate judge's report and recommendation and Mr. Baxley's objections.

Mr. Baxley had numerous prior convictions for burglary in Florida. Each was a qualifying "violent felony" under the law of the circuit when Mr. Baxley was sentenced. But under the law as it has developed, those are not qualifying violent felonies. Mr. Baxley is now an armed career criminal only if his two prior *Georgia* burglary convictions are violent felonies.

At the time of those convictions, the relevant Georgia burglary statute applied to entering, without authority and with intent to commit a felony, any of

these: "(1) dwelling house, or (2) building, vehicle, railroad car, watercraft, or other such structure designed for use as a dwelling, or (3) any other building, railroad car, aircraft, or any room or any part thereof." *United States v. Gundy*, 842 F.3d 1156, 1165 (11th Cir. 2016). A conviction under this statute is a qualifying "violent felony" under § 924(e) if based on the first alternative—a dwelling house—and apparently if based on entering a building described in the second or third alternatives. But a conviction is not a qualifying violent felony if based on entering a vehicle, railroad car, watercraft, or other structure of that kind, even though designed for use as a dwelling.

III

Under *Gundy*, the question whether Mr. Baxley's Georgia burglary convictions were for entering a dwelling house or building, not just a vehicle or other such structure, is properly determined under the "modified categorical approach" outlined in *Shepard v. United States*, 544 U.S. 13, 26 (2005). *See Gundy*, 842 F.3d at 1168. This allows a court "to look to 'a limited class of documents (for example, the indictment, jury instructions or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of.' " *Id*. (quoting *Shepard*, 544 U.S. at 26). These are sometimes referred to as "*Shepard*-approved documents."

This record includes no *Shepard*-approved documents establishing the basis of Mr. Baxley's Georgia battery convictions. This order gives the government an opportunity to supply such documents, if they exist.

IV

In taking this course, I have not overlooked the government's assertion, accepted in the report and recommendation, that the presentence report obviates any need for *Shepard*-approved documents. In describing the Georgia burglary convictions, the presentence report says Mr. Baxley "entered the dwellings of two different individuals." ECF No. 35 at 16, ¶ 45. Mr. Baxley did not object to this statement.

As an original matter, one might well question whether a statement of this kind in a presentence report should inform a later application of the modified categorical approach. What matters is the charge and resulting conviction, not the actual facts underlying the charge and conviction. This is the whole point of the categorical and modified-categorical approaches. The statement in Mr. Baxley's presentence report was a statement of the *underlying facts*, not a statement of what Mr. Baxley was actually *charged* with. Moreover, Mr. Baxley would have had no reason to object at that time to any error in stating the facts, let alone to any inference that this statement of the facts accurately matched up with the *charge*.

Under the law of the circuit at that time, the presentence report's statement of the facts underlying the Georgia convictions made no difference at all.

A *sentencing* court applying the modified categorical approach may rely on a statement of the underlying facts in a presentence report, in the absence of an objection. *See United States v. Ramirez-Flores*, 743 F.3d 816, 823 (11th Cir. 2014) (citing *United States v. Bennett*, 472 F.3d 825, 834 (11th Cir. 2006)) ("[W]e have held that a sentencing court applying the modified categorical approach may consider undisputed facts contained in the [presentence report]."). But it is far from clear that the same should be true on collateral review after a change in the law that first makes consequential the presentence report's statement of the underlying facts. *See In re Rogers*, 825 F.3d 1335, 1339 n.7 (11th Cir. 2016) (noting that the "sentencing court" may rely on the presentence report's undisputed facts, but that when deciding whether to authorize a successive § 2255 motion based on *Johnson*, "[w]e cannot simply look directly to [the presentence report] to determine whether, under the facts contained therein, the elements or enumerated crimes clause is applicable"). Those of us who frequently preside over sentencings would take no comfort in an approach that encouraged defendants to object to seemingly inconsequential statements in a presentence report just because some day the statements might matter.

In any event, the statement of facts in this presentence report does not speak to the critical issue: whether Mr. Baxley entered a house or other building (and so committed a "violent felony") or entered only a vehicle or other such structure that was being used as a dwelling (and so did *not* commit a "violent felony"). Under the Georgia statute, a "dwelling" could be either of these. The presentence report refers only to a "dwelling"; it does not refer to a "house" or "apartment" or use another term unambiguously denoting a building.

## V

For these reasons,

IT IS ORDERED:

1. The government may file *Shepard*-approved documents by July 13, 2017. The government also may file by that date any further memorandum, not exceeding 3,200 words, addressing this issue.

2. Mr. Baxley may file by August 3, 2017, a response to any materials filed by the government.

SO ORDERED on June 21, 2017.

                                        s/Robert L. Hinkle
                                        United States District Judge