# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                             CASES NO. 5:03cr40-RH/GRJ
                                                           5:16cv132-RH/GRJ

KENNETH LESTER BAXLEY,

            Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND
## GRANTING A CERTIFICATE OF APPEALABILITY

The issue is whether the defendant's Georgia battery convictions are violent

felonies within the meaning of the armed career criminal statute, 18 U.S.C.

§ 924(e). The government has filed *Shepard*-approved documents making clear

that, under the law of the circuit, the answer is yes.

## I

The defendant Kenneth Lester Baxley pleaded guilty to possessing a firearm

as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The maximum sentence

for violating § 922(g)(1) is ordinarily 10 years in prison. *See id.* § 924(a)(2). But if

the defendant is an armed career criminal—that is, if the defendant has three

previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another"—the *minimum* sentence is 15 years, and the maximum is life. *See id*. § 924(e).

Under the law of the circuit as in effect when Mr. Baxley was sentenced, he was an armed career criminal. The minimum mandatory sentence was 15 years. Mr. Baxley was sentenced to 189 months.

## II

Mr. Baxley has filed a motion under 28 U.S.C. § 2255 for relief from the sentence based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which significantly narrowed the category of convictions qualifying as violent felonies. *Johnson* is retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). The § 2255 motion is before the court on the magistrate judge's report and recommendation, Mr. Baxley's objections, and the additional materials that have been filed more recently, as discussed below.

Mr. Baxley had a prior conviction for resisting arrest with violence—a violent felony. He had numerous prior convictions for burglary in Florida. Each was a qualifying "violent felony" under the law of the circuit when Mr. Baxley was sentenced. But under the law as it has developed, those are not qualifying violent felonies. Mr. Baxley is now an armed career criminal only if his two prior *Georgia* burglary convictions are violent felonies.

At the time of those convictions, the relevant Georgia burglary statute applied to entering, without authority and with intent to commit a felony, any of these: "(1) dwelling house, or (2) building, vehicle, railroad car, watercraft, or other such structure designed for use as a dwelling, or (3) any other building, railroad car, aircraft, or any room or any part thereof." *United States v. Gundy*, 842 F.3d 1156, 1165 (11th Cir. 2016). A conviction under this statute is a qualifying "violent felony" under § 924(e) if based on the first alternative—a dwelling house—and apparently if based on entering a building described in the second or third alternatives. But a conviction is not a qualifying violent felony if based on entering a vehicle, railroad car, watercraft, or other structure of that kind, even though designed for use as a dwelling.

III

Under *Gundy*, the question whether Mr. Baxley's Georgia burglary convictions were for entering a dwelling house or building, not just a vehicle or other such structure, is properly determined under the "modified categorical approach" outlined in *Shepard v. United States*, 544 U.S. 13, 26 (2005). *See Gundy*, 842 F.3d at 1168. This allows a court "to look to 'a limited class of documents (for example, the indictment, jury instructions or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted

of.' " *Id.* (quoting *Shepard,* 544 U.S. at 26). These are sometimes referred to as "*Shepard*-approved documents."

When the report and recommendation was entered, the record included no *Shepard*-approved documents establishing the basis of Mr. Baxley's Georgia battery convictions. The order of June 21, 2017, ECF No. 39, afforded the government an opportunity to supply such documents, if they existed. In response, the government filed *Shepard*-approved documents resolving this issue in its favor. In each Georgia case, Mr. Baxley was charged with entering a "dwelling house"— the first alternative under the Georgia burglary statute. Under *Gundy*, committing a burglary in Georgia by entering a dwelling house is a violent felony.

Mr. Baxley's only response is that *Gundy* was wrongly decided. He has preserved the issue for appeal. But a district court, like an Eleventh Circuit panel, must follow the law of the circuit. Mr. Baxley is not entitled to relief in this court.

IV

When a district court denies a § 2255 motion, it should grant or deny a certificate of appealability. The defendant must obtain a certificate of appealability as a prerequisite to an appeal. *See* 28 U.S.C. § 2253(c)(1). A court may issue a certificate of appealability only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell,* 537 U.S. 322, 335-38 (2003) (explaining the meaning of this term); *Slack*

*v. McDaniel*, 529 U.S. 473, 483-84 (2000) (same); *Barefoot v. Estelle*, 463 U.S.

880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000). As

the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a
> substantial showing of the denial of a constitutional right, a
> demonstration that, under *Barefoot*, includes showing that
> reasonable jurists could debate whether (or, for that matter, agree
> that) the petition should have been resolved in a different manner
> or that the issues presented were "adequate to deserve
> encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).

Reasonable jurists could not debate whether Mr. Baxley's § 2255 motion is

unfounded under *Gundy*, that is, under the existing law of the circuit. But

reasonable jurists, including the one who dissented in *Gundy*, could disagree. And

a colorable certiorari petition is pending. In the last few years the Supreme Court

has disapproved more than one career-offender circuit precedent. The issue under

§ 2253(c) is whether an issue is fairly debatable and so could eventually be

resolved in the defendant's favor—not just at the first level of review, but upon en

banc or Supreme Court review. This order grants a certificate of appealability.

V

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 37, is accepted.

2. The § 2255 motion, ECF No. 21, is denied.

3. The clerk must enter judgment.

4. A certificate of appealability is granted on this issue: whether the defendant's Georgia burglary convictions are for violent felonies within the meaning of the armed career criminal statute, 18 U.S.C. § 924(e).

SO ORDERED on August 10, 2017.

s/Robert L. Hinkle_____
United States District Judge